# United States District Court
# Central District of California

| | |
|---|---|
| JOEL D. JOSEPH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SANTA MONICA,<br><br>　　　　Defendant. | Case № 2:17-cv-00723-ODW-AFM<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [20]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [23]** |

## I.　INTRODUCTION

Plaintiff Joel D. Joseph, proceeding pro se, filed a complaint against Defendant City of Santa Monica, California, alleging employment discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634. (Compl., ECF No. 1.)[1]　On November 6, 2017, Defendant moved for summary

---

[1] The Court notes that the Complaint, in the form uploaded on the docket, appears to be missing the second page. (*See* ECF No. 1.) Defendant does not complain of this discrepancy, however, and appears to have access to the entire Complaint. (*See* Answer, ECF No. 11.) Because the Court bases its decision on the pending Motions and on the evidence and arguments submitted therewith, the

judgment. (Def.'s Mot., ECF No. 20.) On November 13, 2017, Plaintiff opposed Defendant's Motion and also moved for summary judgment. (ECF Nos. 22, 23.)[2] For the following reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.[3]

## II. BACKGROUND

In August 2015, the City Manager of Santa Monica, Rick Cole, decided to create the position of Senior Advisor to the City Manager on Airport Affairs, to be filled by someone devoted to issues pertaining to the Santa Monica Airport. (Def.'s Statement of Uncontroverted Facts ("SUF") ¶¶ 1–3, ECF No. 20-1.) Defendant created and published a description for the position that listed the sought-after knowledge, abilities and skills. (*Id.* ¶ 4.) Defendant also created a Supplemental Questionnaire with four questions that all applicants were required to answer. (*Id.*) Senior HR Analyst Matthew Escobedo reviewed the applications and determined which candidates should move to the second phase of review. (*Id.* ¶¶ 5–6.)

Plaintiff timely applied for the position. (Pl.'s SUF ¶ 1, ECF No. 23-1.) Escobedo reviewed Plaintiff's application and determined that it should not move into the second phase of the application process because, in his opinion, Plaintiff did not clearly answer all of the questions in the Supplemental Questionnaire. (Def.'s SUF ¶ 6.) Escobedo believed that Plaintiff did not provide direct and specific responses to several questions and had copied and pasted information from his resume for some of the responses. (*Id.*) Escobedo concluded that Plaintiff's application was incomplete and that Plaintiff should not be selected for an interview. (*Id.*; *see also* Pl.'s SUF ¶ 3.)

---

missing page does not preclude a ruling on the pending Motions. If Plaintiff wishes to complete the record, however, he may file a notice of errata and attach the missing page.

[2] Plaintiff's Opposition states that he opposes Defendant's Motion for the reasons in his own Motion for Summary Judgment. (ECF No. 22.)

[3] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Out of approximately seventy-nine applications, Escobedo recommended only four applicants to be interviewed. (Decl. of Donna Peter ("Peter Decl.") ¶ 5, ECF No. 20-3.) Other members of Defendant's HR department considered and agreed with Escobedo's recommendations. (*Id.*) The HR department then gave Cole the names of the four individuals they recommended to move on in the application process. (*Id.*) Cole responded and requested that an additional applicant, Nelson Hernandez, be considered. (*Id.*) Cole had known Hernandez professionally for approximately twenty-five years and had worked with him previously. (Def.'s SUF ¶ 12.) Defendant's HR department reviewed Hernandez's application, confirmed he was qualified, and added him to the list of individuals to be interviewed. (Peter Decl. ¶ 5.)

On October 22, 2015, Escobedo emailed Plaintiff to inform him that he was not selected for an interview. (Decl. of Matthew Escobedo ("Escobedo Decl.") ¶ 5, ECF No. 20-8.) On October 23, 2015, Plaintiff emailed Cole, explaining that he was sixty-seven years of age, "in the protected age bracket," and that he would like to be granted an interview for the position. (Decl. of Lance Gams ("Gams Decl."), Ex. F, ECF No. 20-10; *see also* Def.'s SUF ¶ 7.) Cole then reviewed Plaintiff's application and determined that the other candidates were more qualified, and that he would not grant Plaintiff an interview. (Def.'s SUF ¶¶ 9, 10.) Cole eventually selected Hernandez for the job. (*Id.* ¶ 12.) Hernandez, at sixty years of age, is younger than Plaintiff, who is now sixty-nine. (Def.'s Statement of Genuine Issues and Disputes of Material Facts ¶ 5, ECF No. 25-1.)

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is

"genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex*, 477 U.S. at 322–23; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

## IV. DISCUSSION

### A. Legal Framework for ADEA Claim

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual [who is at least forty years old] or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Supreme Court has held that to prevail on an ADEA claim, a plaintiff must prove by a preponderance of the evidence that age was the "but-for" cause of the challenged employer decision. *Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167, 177–78 (2009).

A plaintiff can prove an age-discrimination case through direct or circumstantial evidence. *See Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 812 (9th Cir. 2004.) Direct evidence, in the context of an ADEA claim, is defined as "'evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude . . . sufficient to permit the fact finder to infer that that attitude was more likely than not a motivating factor in the employer's decision.'" *Id.* (quoting *Walton v. McDonnell Douglas Corp.*, 167 F.3d 423, 426 (8th Cir. 1999)). Plaintiff has not produced any direct evidence of discriminatory attitude. *Cf. id.* (finding that plaintiff presented direct evidence of age discrimination by presenting evidence that he was terminated because employer's new insurance policy did not cover employees over the age of seventy); *Parris v. Wyndham Vacations Resorts, Inc.*, 979 F. Supp. 2d 1069, 1077 (D. Haw. 2013) (supervisor made multiple derogatory comments to employees regarding their age).

When a plaintiff relies only on circumstantial evidence, such as Plaintiff in this case, the *McDonnell Douglas* burden-shifting framework applies. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280–81 (9th Cir. 2000); *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 745 (9th Cir. 2003); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Thus, if a plaintiff establishes a prima facie case of age discrimination, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. *See Coleman*, 232 F.3d at 1280–81. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory. *Id.* Despite the burden shifting, the ultimate burden of proof remains on the plaintiff to show that the employer discriminated against him on the basis of age. *Id.*

A plaintiff may allege age discrimination claims under two theories: disparate treatment or disparate impact. *See Enlow*, 389 F.3d at 811; *Pottenger*, 329 F.3d at 745,

749. This case involves alleged disparate treatment. To prevail on a disparate treatment theory, a plaintiff must prove intentional discrimination. *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987).

To establish a prima facie case of age discrimination on the basis of disparate treatment under the ADEA, Plaintiff must demonstrate that: (1) he was a member of the protected class of individuals between forty and seventy years of age, (2) he applied for a position for which he was qualified; and (3) a younger person with similar qualifications received the position. *Id.*

**B. Analysis**

Defendant concedes, for purposes of its summary judgment motion, that Plaintiff could make out a prima facie case. (Def.'s Mot. 7.) Instead, Defendant presents three legitimate reasons for not hiring Plaintiff: (1) Plaintiff provided unclear and strange answers to the questions in the application questionnaire; (2) Plaintiff's application was incomplete; and (3) candidates more promising than Plaintiff were available. (*Id.* at 9–11.) No one disputes that these are legitimate, nondiscriminatory reasons not to hire or interview Plaintiff. The issue, therefore, focuses on whether Defendants' reasons are credible or merely pretexts. *See Cotton*, 812 F.2d at 1248.

A motion for summary judgment does not require a plaintiff to prove that the employer's reasons are pretextual. *Id.* Rather, he need only "tender a genuine issue of material fact as to pretext in order to avoid summary judgment." *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983). To do so, he must "produce 'specific facts showing that there remains a genuine factual issue for trial' and evidence 'significantly probative as to any [material] fact claimed to be disputed.'" *Id.* (quoting *Ruffin v. County of Los Angeles*, 607 F.2d 1276, 1280 (9th Cir. 1979)).

Plaintiff argues that Defendant's reasons are pretext, because Defendant pre-selected and hired Hernandez, who is younger than Plaintiff, despite Hernandez' lack of qualifications. (Pl.'s Mot. 8–9, ECF No. 22-1.) Plaintiff points to evidence that Cole, the city manager, intervened in the selection process to add Hernandez to the

interview list and that Hernandez and Cole had known each other for twenty-five years. (Pl.'s SUF ¶¶ 12–15.) Even if Plaintiff's contention was true, and Defendant had pre-selected Hernandez, that does support an inference that Defendant was more likely motivated by Plaintiff's age than the reasons it articulated for declining to hire Plaintiff. *See Cotton*, 812 F.2d at 1248. Additionally, Plaintiff does not dispute that his answers to the application questionnaire were unclear or nonresponsive. Ultimately, Plaintiff has not shown the existence of a material fact as to whether Defendant's articulated reasons for not hiring him lack credibility.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 20) and **DENIES** Plaintiff's Motion for Summary Judgment. (ECF No. 23.) All dates and deadlines in this case are hereby **VACATED**. The Court will issue a judgment.

**IT IS SO ORDERED.**

February 9, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**